# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Suzanna Rachel MacLean, Respondent.

Appellate Case No. 2021-000292

———————

Opinion No. 28044
Submitted June 17, 2021 – Filed July 7, 2021

———————

## DEFINITE SUSPENSION

———————

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, both
of Columbia, for the Office of Disciplinary Counsel.

Suzanna Rachel MacLean, of San Antonio, Texas, Pro
Se.

———————

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
the imposition of any sanction contained in Rule 7(b), RLDE, Rule 413, SCACR,
and agrees to pay the costs incurred by ODC and the Commission on Lawyer
Conduct (Commission) in investigating and prosecuting this matter.  We accept the
Agreement and suspend Respondent from the practice of law in this state for three
years, retroactive to the date of her interim suspension.  The facts, as set forth in
the Agreement, are as follows.

# I.

## Matter A

Following a traffic stop on July 11, 2018, Respondent was arrested and charged with four counts of possession of a controlled substance. Items located in Respondent's vehicle included a plastic bag with 5 suspected ecstasy pills; a plastic bag with five white pills believed to be hydrocodone pills; a plastic bag with an amount of suspected "molly"; and two plastic bags containing approximately 8 grams of an item suspected to be cocaine. Also located in the vehicle was a marijuana pipe containing a small amount of marijuana and a white pill bottle containing suspected marijuana. The charges were dismissed by the Solicitor's office on June 12, 2019, due to concerns regarding the legality and constitutionality of the stop and search.

Respondent failed to notify the Commission in writing within fifteen days of being arrested and charged. Although the charges ultimately resulted in dismissal, Respondent admits her conduct violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 8.3(a) (requiring a lawyer to report being charged with a serious crime within fifteen days); Rule 8.4(b) (criminal act that reflects adversely on her fitness as a lawyer); and Rule 8.4(e) (conduct prejudicial to the administration of justice).

## Matter B

Respondent practiced bankruptcy law in the United States Bankruptcy Court for the District of South Carolina. The United States Trustee Program, a component of the Department of Justice, supervises the administration of bankruptcy cases and private trustees under Title 11 of the United States Code. ODC received a complaint from an Assistant United States Trustee (Trustee) alleging that Respondent had failed to respond to attempts to contact her from several clients, the Trustee's office, and the Bankruptcy Court. The Trustee filed motions pursuant to 11 U.S.C. §§ 526(c), 329(b), and 105(a), seeking to terminate Respondent as counsel in 18 cases and to require that Respondent forfeit any remaining attorney's fees to be paid to her under the debtors' confirmed Chapter 13 plans. Respondent failed to respond to any of the motions, failed to attend any of the hearings, and failed to contact the Trustee's office. Respondent was removed from all cases pending in the Bankruptcy Court by orders that either terminated her services or substituted other counsel. Four days after the Trustee's complaint was submitted to

ODC, Respondent was placed on interim suspension. *In re MacLean*, 424 S.C. 279, 818 S.E.2d 214 (2018).

Respondent admits her conduct violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.1 (competence); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 1.16(a) (withdrawing from representation); Rule 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); 8.4(a) (violation of the Rules of Professional Conduct); and 8.4(e) (conduct prejudicial to the administration of justice).

## II.

Respondent admits her conduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violation of the Rules of Professional Conduct) and Rule 7(a)(5) (conduct tending to pollute the administration of justice, bring the courts or legal profession into disrepute, or demonstrate an unfitness to practice law).

In the Agreement, Respondent agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct (Commission) in investigating and prosecuting this matter. She also requests that any sanction be made retroactive to the date of her interim suspension, and ODC does not oppose that request. Additionally, Respondent agrees to cooperate with a referral to Lawyers Helping Lawyers for an alcohol and drug abuse assessment and to cooperate with any treatment deemed necessary as a result of the assessment. Respondent further agrees to provide quarterly reports to the Commission from any treatment providers recommended by Lawyers Helping Lawyers following the assessment.

## III.

We accept the Agreement and suspend Respondent from the practice of law in this state for a period of three years, retroactive to August 24, 2018, the date of Respondent's interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR. Within thirty days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission. Also within thirty days of the date of this opinion, Respondent shall cooperate with Lawyers Helping Lawyers and undergo a drug and alcohol abuse assessment. Upon seeking

reinstatement to the practice of law, Respondent shall demonstrate she has cooperated with any and all treatment recommended following the drug and alcohol abuse assessment and that she has submitted all quarterly reports to the Commission on Lawyer Conduct.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**